# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  v.                                                 **Case No. 09-CR-248**

**SHAVELLE CAMPBELL**
        **Defendant.**

## ORDER

On October 6, 2010, defendant Shavelle Campbell pleaded guilty to conspiracy to possess with intent to distribute and distribute 50 grams or more of cocaine base, and on May 12, 2011, I sentenced him to 120 months in prison, the minimum term required by statute and below his guideline range of 188-235 months.[1] He took no appeal.

On February 27, 2015, defendant filed a motion to appoint counsel to seek a sentence reduction under guideline Amendment 782. On March 3, 2015, Federal Defender Services, appointed by administrative order to represent defendants serving sentences imposed in the Eastern District of Wisconsin who might be eligible for sentencing relief under Amendment 782, informed the court that it will not be filing anything on the defendant's behalf.

Defendant is not eligible for a reduction. Under 18 U.S.C. § 3582(c)(2), the district court may, in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission,

---

[1] I adopted the pre-sentence report's recommended base offense level of 36 based on a drug weight of 5 kilograms of crack cocaine, U.S.S.G. § 2D1.1(c)(2) (2011), then subtracted 3 levels for acceptance of responsibility, for a final level of 33. Coupled with defendant's criminal history category of IV, this produced a range of 188-235 months.

reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. The Commission has designated Amendment 782, which generally reduces offense levels in drug trafficking cases by 2, for retroactive application. See U.S.S.G. § 1B1.10(d) (policy statement). Under that Amendment, defendant's base offense level drops to 34, U.S.S.G. § 2D1.1(c)(3) (2014), and his imprisonment range to 151-188 months.

However, the Commission's policy statement provides that the court may not reduce a defendant's term of imprisonment to less than the minimum of the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A). Defendant's current sentence is already below the minimum of the amended range. Any further reduction in this case would also be blocked by the statutory mandatory minimum. See U.S.S.G. § 1B1.10 cmt. n.1(A); United States v. Robinson, 697 F.3d 443, 444-45 (7th Cir. 2012).

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 1373) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of March, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge

2